**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| PHETSOMPHONE CHANSOMBAT THOMAS, *et al*, <br>                                             Appellant, <br><br> v. <br><br> LITTON LOAN SERVICING, LP, <br>                                             Appellee. | Action No. AW-10-373 |

## **MEMORANDUM OPINION**

This appeal arises from the January 6, 2010 Order of the Wendelin Lipp, United States Bankruptcy Court Judge for the District of Maryland (the "Bankruptcy Court"), denying Appellant's Motion to Avoid Lien on Debtor's Principal Residence, pursuant to 11 U.S.C. §506. Appellant filed a Notice of Appeal from this decision on February 18, 2010. An appellant brief was subsequently filed on March 5, 2010, and no opposition brief has been filed. No hearing is deemed necessary in this case. *See* Local Rule 105.6 (D. Md. 2008). For the reasons explained below, the Court **REVERSES** and **REMANDS** the Order and Rulings of the Bankruptcy Court.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2009, Phetsomphone Chansombat Thomas filed a Chapter 13 bankruptcy. On November 12, 2009, appellant filed a Motion to Avoid Lien in the United States Bankruptcy Court, pursuant to 11 U.S.C. §506. No objection was filed to this motion, and no hearing was held on the motion. In its Motion, Appellant moved the Court to treat the claims of Respondent, Litton Loan Servicing, LP as wholly unsecured and discharge the lien held in favor of Respondent on Appellant's real property. Honorable Wendelin Lipp denied

Appellant's motion in an order signed on January 6, 2010. The denial of this motion is the subject of the instant appeal.

## II. STANDARD OF REVIEW

This Court reviews the legal conclusions of the Bankruptcy Court *de novo*, but reviews its factual determinations for clear error. *Butler v. Shaw*, 72 F.3d 437, 441 (4th Cir. 1996); *Three Flint Hill Ltd. Pshp. v. Prudential Ins. Co.* (*In re Three Flint Hill Ltd. Pshp.*), 213 B.R. 292, 297 (D. Md. 1997); *see also* Fed. R. Bankr. P. 8013. On legal issues, this Court "must make an independent determination of the applicable law." *In re Jeffrey Bigelow Design Group, Inc.*, 127 B.R. 580, 582 (D. Md. 1991), *aff'd*, 956 F.2d 479 (4th Cir. 1992). Moreover, a finding of fact is clearly erroneous "only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *In re Broyles*, 55 F.3d 980, 983 (4th Cir. 1995) (internal quotations omitted). Finally, the Bankruptcy Court's application of law to the facts is to be reviewed for abuse of discretion. *In re Robbins*, 964 F.2d 342, 354 (4th Cir. 1992) (decision to lift automatic stay).

## III. ANALYSIS

On appeal, Appellant contends that,

> 11 U.S.C. §506 (a) and §1322(b) allow a debtor to have a second, junior lien secured by real property to be deemed wholly unsecured and allowed as a general unsecured claim under the debtor's Chapter 13 plan. At such time as a discharge Order is entered the second, junior lien that has been determined to be treated as unsecured shall be void and the lien dissolved. To successfully prosecute such a motion, the debtor must demonstrate that the value of the real property is less than the total of the lien held by the senior, first lien holder thereby rendering the claim of the junior, second lien holder to the status of a general unsecured creditor.

(Doc. No. 3, at 7).

Appellant avers that in its Motion to Avoid Lien, it attached a copy of an appraisal demonstrating that the value of its home was not more than $285,000.00. *Id.* at 7-8. Moreover, Appellant avers that the value of the debt owed to First Mortgage Company, the

senior, first lien holder in this matter, was $287, 395.25 (an amount which included the principal unpaid balance on the mortgage, the interest on the mortgage, late charges, and a corporate advance). *Id.* at 8. As the value of the home was less than the value of the debt owed to the First Mortgage Company, Appellant argues that the lien held by Appellee (i.e. the "Second Mortgage Company"), should have been deemed wholly unsecured and should have been voided by the Bankruptcy Court.

The bankruptcy court did not issue an opinion detailing the grounds for denying Appellant's Motion to Avoid Lien. However, the bankruptcy court did cite Maryland Code Annotated, Real Property Section 7-102 (a) (2003) in its Order. This section states,

> (a)(1) No mortgage or deed of trust may be a lien or charge on any property for any principal sum of money in excess of the aggregate principal sum appearing on the face of the mortgage or deed of trust and expressed to be secured by it, without regard to whether or when advanced or readvanced.
>
> (2) Paragraph (1) of this subsection does not apply to a mortgage or deed of trust to:
>
> (i) Guarantee the party secured against loss from being an obligee of a third party;
>
> (ii) Indemnify the party secured against loss from being an endorser, guarantor, or surety; or
>
> (iii) Secure a guarantee or indemnity agreement.
>
> (b) If after the date of the mortgage or deed of trust, any sum of money is advanced or readvanced, any endorsement or guaranty is made, or the liability under an indemnity agreement arises, priority for such sum of money or for any indemnity arising under the endorsement, or guaranty, or indemnity agreement dates from the date of the mortgage or deed of trust as against the rights of intervening purchasers, mortgagees, trustees under deeds of trust, or lien creditors, regardless of whether the advance, readvance, endorsement, or guaranty was obligatory or voluntary under the terms of the mortgage or deed of trust.

Md. Code Ann., Real Prop. Sec. 7-102 (a)(2003).

Maryland Courts have held that "where the amount which it is intended to secure is expressed in the mortgage . . . it is valid, though designed to secure future advances to that extent." *Brooks v. Lester*, 36 Md. 65, 1872 WL 5674, *3 (May 17, 1872); *see also Arundel Asphalt Products, Inc. v. Morrison-Johnson, Inc. et al*, 259 A.2d 289 (Md. 1969); *Mattingly et ux. v. Houston et ux.*, 250 A.2d 633 (1969).

In the Balloon Note supplied in the loan documents, the contract stipulates that the borrower "must repay the entire principal balance of the loan and unpaid interest then due." (Doc No. 1-14, at 2). The contract documents also provide that the borrower pay late charges for overdue payments. *Id.* at 3. After reviewing these documents in light of the existing case law, the Court finds that the costs of interest and late charges are part and parcel of the amount owed on the mortgage.

Appellants aver that the most current appraisal value of their real property was not more than $285,000. (Doc. No. 3, at 7). Moreover, Appellants list the Amount due to First Mortgage Company under the Deed of Trust as follows:

| | |
|---|---|
| **Unpaid Principal Balance** | $269,494.74 |
| **Plus interest from November 1, 2008 at %6.75 per annum** | $17,000.28 |
| **Plus late charges** | $805.23 |
| **Corporate Advance** | $95.00 |
| **Total** | $287, 395.25 |

*Id.* at 8.

Having reviewed the record, the Court finds that the value of the debt owed to First Mortgage Company, exceeds the value of $285,000, the value of the real property. The Court has not found any provision in the mortgage discussing corporate advances. Even without such a provision, the value of the principal owed on the mortgage, interest, and late charges exceed the value of Appellant's real property. Thus, the lien against Appellant's real property should be treated as unsecured and should therefore be voided.

**CONCLUSION**

In light of the foregoing, this Court **REVERSES** the decision of the Bankruptcy Court and **REMANDS** this matter to the United States Bankruptcy Court for further proceedings consistent with this Opinion. An Order consistent with this opinion will follow.


Date:  November 16, 2010                                  /s/
                                                  Alexander Williams, Jr.
                                                  United States District Court